**WO**                                                                                         SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Toby J. Masse,  )  No. CV 08-0138-PHX-JAT (JCG)
)
Plaintiff,  )  **ORDER**
)
vs.  )
)
Corrections Corp. of America, et al.,  )
)
Defendants.  )

Plaintiff Toby J. Masse filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, which the Court dismissed with leave to amend within 30 days on May 21, 2008. (Doc.# 1, 7.)[1] On June 9, 2008, Plaintiff submitted a First Amended Complaint, which was filed in this action, apparently erroneously.[2] (Doc.# 9.) On June 20, 2008, Plaintiff filed a

---

[1] "Doc.#" refers to the docket number of filings in this case.

[2] The First Amended Complaint bore case number CV 08-0823-PHX-JAT, another action filed by Plaintiff, but court staff mistakenly filed it in this case instead. In CV 08-0823-PHX-JAT, Plaintiff moved to strike the First Amended Complaint mistakenly docketed in this case on June 9. Unaware at the time of the docketing error, the Court denied the motion to strike because the amended complaint had not been filed in that case. See Masse v. Miller, CV 08-0823-PHX-JAT, doc.# 13. Because Plaintiff moved to strike the amended

motion for extension of time to file a first amended complaint in this case. (Doc.# 10.) He also filed "Plaintiff's Response to Order" with a proposed amended complaint, which he asks the Court to accept although it is not on the court-approved form. (Doc.# 12.) The Court will disregard the First Amended Complaint filed in this action on June 9, 2008 as improperly filed in this case.[3] (Doc.# 9.) The Court will grant Plaintiff's motion for extension of time to the extent that the First Amended Complaint lodged in this case on June 30, 2008 will be deemed timely filed. (Doc.# 12.) The Court will order Defendants Howerton, Willey, and Dobson to answer paragraphs 21 and 22 of the First Amended Complaint and will dismiss the remaining claims and Defendants without prejudice.

## II.    Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## III.   First Amended Complaint

Plaintiff alleges that Defendants retaliated against him in various ways and that he was denied due process in connection with disciplinary proceedings. He sues CCA and the following CCA employees: Case Managers Janelle Gonzales and Gary Howerton; Unit Manager Brian Goddard; Law Librarians Wright and Luna; Grievance Co-ordinator Audrey Rodriguez; Investigator Scott Hattin; Lieutenant Timothy Dobson; Captain Willey; Acting Warden Samuel Rogers; John Doe Martinez; Warden John Gay; and John Ferguson. Plaintiff also sues the following employees of the Washington Department of Corrections (WDOC) assigned to FCC: Counselors William Lucas and James Miller; James Thatcher;

---

complaint mistakenly filed in this case, there is no need to have it re-filed in CV 08-0823-PHX-JAT.

[3] See n. 2, supra.

1 and Harold Clarke.

2 Plaintiff alleges the following facts: Between July 17 and December 31, 2006, he submitted administrative grievances and prosecuted civil actions against WDOC and CCA officials. (Doc.# 12, lodged First Amended Complaint, ¶ 10.) On August 21, 2006, Plaintiff participated in a discovery conference with WDOC Counselor Miller and a Washington Assistant Attorney General. (Id. at ¶ 11.) Immediately following the conference, Unit Manager Goddard denied Plaintiff unidentified favorable job assignments, allegedly pursuant to a conspiracy with Miller. (Id. at ¶ 12.) On August 22, 2006, Plaintiff notified Clarke, Thatcher, Ferguson, and Martinez of the alleged retaliation, but they took no action. (Id. at ¶ 13.)

On August 31, 2006, pursuant to an alleged conspiracy with Miller and Goddard to retaliate against Plaintiff, Investigator Hattin falsely accused Plaintiff of soliciting inmate Jeffrey McKee. (Id. at ¶ 14.) On September 1, 2006, Plaintiff notified Clarke, Thatcher, Rogers, and Ferguson of the alleged retaliation but they took no action. (Id. at ¶ 15.)

Between August 31 and September 16, 2006, pursuant to an alleged conspiracy with Hattin, Miller, and Goddard to retaliate against Plaintiff, Law Librarians Wright and Luna refused to provide Plaintiff "legal photocopy service." (Id. at ¶ 16.) On September 12, 2006, Plaintiff notified Rogers, Ferguson, Clarke, and Thatcher of the alleged retaliation but they took no action. (Id. at ¶ 17.) On September 20, 2006, Plaintiff submitted an administrative grievance to Grievance Co-ordinator Rodriguez and Rogers about the refusal of Wright and Luna to provide him "legal photocopy service," but they took no action. (Id. at ¶ 18.)

On September 19, 2006, pursuant to an alleged conspiracy with Goddard and Hattin to retaliate against Plaintiff, Counselor Lucas "subject[ed]" Plaintiff to an intra-facility transfer. (Id. at ¶ 19.) On September 24, 2006, Plaintiff submitted an administrative grievance to Rodriguez and Rogers regarding the alleged retaliatory intra-facility transfer, but they took no action. (Id. at ¶ 20.)

On or about September 21, October 19, November 24, and December 12 and 14, 2006, Case Manager Gary Howerton and unidentified others falsely accused Plaintiff of refusing

TERMPSREF - 3 -

direct orders or cell assignments, allegedly for retaliatory reasons, and sanctioned him to disciplinary segregation, the loss of earned early release credits, and reclassification. (Id. at ¶ 21.) On or about the same dates, Captain Willey, Lieutenant Dobson, and others, "arbitrarily found" Plaintiff guilty of violating prison rules without notifying him of the charges, allowing him to be present at the hearing to defend himself before an impartial fact-finder, allowing him to present documentary evidence or call witnesses, and without providing him an "adequate written disposition." (Id. at ¶ 22.) Also on or about the same dates, Plaintiff notified Rogers "or" Gay of the allegedly retaliatory discipline and due process violations, but they took no action. (Id. at ¶ 23.)

From September 19 to December 31, 2006, Plaintiff was held in disciplinary segregation. During that time, Case Managers Gonzales and Howerton, Librarian Luna, Counselors Lucas and Miller, Acting Warden Rogers, "or" Warden Gay refused Plaintiff "adequate access" to a law library or legal supplies while he was in segregation, allegedly for retaliatory reasons. (Id. at ¶ 24.) On September 23 and October 6, 2006, Plaintiff submitted an administrative grievance to Rodriguez and Rogers regarding the alleged retaliatory denial of adequate access to a law library and legal supplies in segregation, but they took no action. (Id. at ¶ 25.)

From October 11 to December 31, 2006, Miller, Rodriguez, and Rogers restricted Plaintiff's access to the CCA grievance program allegedly for retaliatory reasons. (Id. at ¶ 26.) On October 11, 2006, Miller "subject[ed]" Plaintiff to intra-facility transfer allegedly for retaliatory reasons. (Id. at ¶ 27.) The same day, Plaintiff submitted an administrative grievance to Rodriguez and Rogers regarding the alleged retaliation, but they took no action. (Id. at ¶ 28.)

On January 1, 2007, Rogers, Gay, Ferguson, Thatcher, "or" Clarke transferred Plaintiff from Arizona to Washington, allegedly for retaliatory reasons. (Id. at ¶ 29.)

**IV.    Failure to State a Claim**

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state

1  law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v.
2  Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, a plaintiff must allege that he
3  suffered a specific injury as a result of the conduct of a particular defendant and he must
4  allege an affirmative link between the injury and the conduct of that defendant. Rizzo v.
5  Goode, 423 U.S. 362, 371-72, 377 (1976).

### A.    Constitutional Claims Against CCA

Plaintiff seeks relief against CCA, a private corporation, for constitutional violations under § 1983. There are four criteria to find state action by a private actor for purposes of § 1983: (1) the private actor performs a public function, (2) the private actor engages in joint activity with a state actor, (3) a private actor is subject to governmental compulsion or coercion, or (4) there is a governmental nexus with the private actor. Kirtley v. Rainey, 326 F.3d 1088, 1093 (9th Cir. 2003). Under the public function test, "the function [performed by the private actor] must traditionally be the exclusive prerogative of the state." Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1486 (9th Cir. 1995); see Kirtley, 326 F.3d at 1093; Lee v. Katz, 276 F.3d 550, 554-555 (9th Cir. 2002). A privately owned corporation that operates prisons pursuant to contract with a state performs a public function that is traditionally the exclusive prerogative of the state. To state a claim under § 1983 against a private entity performing a traditional public function, however, a plaintiff must allege facts to support that his constitutional rights were violated as a result of a policy, decision, or custom promulgated or endorsed by the private entity. See Buckner v. Toro, 116 F.3d 450, 452 (11th Cir. 1997); Street v. Corrections Corp. of Am., 102 F.3d 810, 814 (6th Cir. 1996); Wall v. Dion, 257 F. Supp.2d 316, 319 (D. Me 2003); see also Austin v. Paramount Parks, Inc., 195 F.3d 715, 727 (4th Cir. 1999); Rojas v. Alexander's Dep't Store, Inc., 924 F.2d 406, 408 (2d Cir. 1990); Lux by Lux v. Hansen, 886 F.2d 1064, 1067 (8th Cir. 1989); Iskander v. Village of Forest Park, 690 F.2d 126, 128 (7th Cir. 1982).

CCA performs a public function, i.e., operating a prison. Further, Plaintiff asserts that CCA has adopted and implemented a custom of retaliating against inmates who submit administrative grievances or prosecute civil actions regarding their conditions of

confinement. Plaintiff fails, however, to allege facts as to when, where, or how it allegedly did so. For these reasons, Plaintiff fails to state a claim under § 1983 against CCA.

### B.    Retaliation Allegations

Plaintiff alleges that various Defendants conspired with one another to retaliate and did retaliate against him. Plaintiff alleges that various Defendants conspired to or did retaliate against him. Plaintiff in part appears to allege that Defendants retaliated against him in violation of his constitutional rights. To state a viable constitutional claim for retaliation, a plaintiff must allege that a defendant acting under color of state law took adverse action against him because he engaged in protected conduct, that the adverse action was not narrowly tailored to advance legitimate correctional goals, and that the adverse action chilled the plaintiff's exercise of his First Amendment, or other constitutional rights, or caused the prisoner to suffer more than minimal harm. Rhodes v. Robinson, 408 F.3d 559, 567-58 (9th Cir. 2005); see also Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claims requires an inmate must show (1) that the prison official acted in retaliation for the exercise of a constitutionally-protected right, and (2) that the action "advanced no legitimate penological interest"). Further, an inmate may state a constitutional violation where, for example, he alleges that a grievance was denied in retaliation for exercising a constitutionally-protected right, see Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995), or in retaliation for filing a grievance, Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989). However, there is no free-standing constitutional right to a grievance process because inmates do not have a protected liberty interest in prison grievance procedures. Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Buckley v. Barlow, 997 F.2d 494, 493 (8th Cir. 1993) (*per curiam*); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

In paragraphs 12, 14, 16, 19, 24, 26, 27, and 29 of the lodged First Amended Complaint, Plaintiff asserts that Defendants Miller, Goddard, Hattin, Wright, Luna, Lucas, Gonzales, Howerton, Rogers, Gay, Rodriguez, Ferguson, Thatcher, and Clarke conspired to retaliate and did retaliate against him by denying him favorable job assignments, "adequate"

1  legal photocopy services, legal supplies, and access to a law library, and access to the CCA
2  grievance program, and by transferring him intra-facility or back to Washington. To state a
3  claim, a plaintiff must assert "nonconclusory allegations setting forth evidence of unlawful
4  intent." Lee v. City of Los Angeles, 250 F.3d 668, 679 n.6 (9th Cir. 2001). "The allegations
5  of facts must be specific and concrete enough to enable the defendant to prepare a response,
6  and where appropriate, a motion for summary judgment based on qualified immunity." Id.
7  (citing Branch v. Tunnell, 14 F.3d 449, 452 (9th Cir. 1994)). Further, conclusory allegations
8  of a conspiracy are insufficient to state a claim. See Franklin v. Fox, 312 F.3d 423, 441 (9th
9  Cir. 2002) (explaining the requirements of a conspiracy claim under § 1983); Sprewell v.
10 Golden State Warriors, 266 F.3d 979, 988 (9th Cir.) (a court need not accept as true
11 allegations that are merely conclusory, deductions of fact, or unreasonable inferences),
12 amended on other grounds, 275 F.3d 1187 (9th Cir. 2001); Woodrum v. Woodward County,
13 866 F.2d 1121, 1126 (9th Cir. 1989) (stating that conclusory allegations of conspiracy do not
14 support a § 1983 claim).

15  Plaintiff fails to allege any facts to support the existence of a conspiracy to retaliate
16 or retaliation against these Defendants or that supports that any act of these Defendants was
17 motivated by a retaliatory motive. He merely makes conclusory assertions that these
18 Defendants retaliated against him or engaged in conspiracies to retaliate against him. That
19 is not sufficient to state a claim.

20  In paragraphs 13, 15, 17, 18, 20, 23, and 25, Plaintiff alleges that he notified
21 Defendants Clarke, Thatcher, Ferguson, Martinez, Rogers, Rodriguez, and Gay of the
22 allegedly retaliatory acts described in paragraphs 12, 14, 16, 19, 24, 26, 27, and 29, but they
23 took no action. To the extent that Plaintiff alleges that these Defendants failed to respond
24 or process grievances, he fails to state a claim. As stated above, there is no free-standing
25 constitutional right to a grievance process because inmates do not have a protected liberty
26 interest in prison grievance procedures. Antonelli, 81 F.3d at 1430; Adams, 40 F.3d at 75;
27 Buckley, 997 F.2d at 493; Mann, 855 F.2d at 640. Plaintiff otherwise fails to set forth how
28 he notified these Defendants of any alleged violation of his constitutional rights. He makes

only conclusory and vague assertions.  For the reasons discussed, Plaintiff fails to state a claim for conspiracy or retaliation.

**V.     Claims for Which an Answer Will be Required**

Plaintiff adequately states a claim for violation of his due process rights in connection with disciplinary sanctions in paragraphs 21 and 22 against Defendants Howerton, Willey, and Dobson.  These Defendants will be required to respond to that claim.

**VI.    Warnings**

**A.     Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.     Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) The First Amended Complaint filed on June 9, 2008 (doc.# 9) must be disregarded as filed in this case in error.

(2) The Clerk of Court must file the lodged First Amended Complaint submitted with Plaintiff's "Response." (Doc.# 12.)

(3) Plaintiff's motion for an extension of time to file a First Amended Complaint in this case is **granted** to the extent that Plaintiff's First Amended Complaint lodged on June 30, 2008 with Plaintiff's "Response" (doc.# 12), is deemed timely filed. (Doc.# 10.)

(4) The allegations of conspiracy and retaliation contained in paragraphs 12-20 and 23-29 and Defendants CCA, Miller, Goddard, Clarke, Thatcher, Ferguson, Martinez, Hattin, Rogers, Wright, Luna, Rodriguez, Lucas, Gay, and Gonzales are **dismissed** without prejudice.

(5) Defendants Howerton, Willey, and Dobson must answer Plaintiff's claims regarding deprivation of due process in connection with disciplinary proceedings contained in paragraphs 21 and 22.

(6) The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (lodged at doc.# 12), this Order, and both summons and request for waiver forms for Defendant Howerton, Willey, and Dobson.

(7) Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(8) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint (lodged with doc.# 12) on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

(9) The United States Marshal must retain the Summons, a copy of the First Amended Complaint (lodged at doc.# 12), and a copy of this Order for future use.

1      (10)    The United States Marshal must notify Defendants of the commencement of
2 this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal
3 Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The
4 Marshal must immediately file requests for waivers that were returned as undeliverable and
5 waivers of service of the summons. If a waiver of service of summons is not returned by a
6 Defendant within 30 days from the date the request for waiver was sent by the Marshal, the
7 Marshal must:

8      (a)    personally serve copies of the Summons, First Amended Complaint
9      (lodged at doc.# 12), and this Order upon Defendant pursuant to Rule 4(e)(2) of the
10     Federal Rules of Civil Procedure; and

11     (b)    within 10 days after personal service is effected, file the return of service
12     for Defendant, along with evidence of the attempt to secure a waiver of service of the
13     summons and of the costs subsequently incurred in effecting service upon Defendant.
14     The costs of service must be enumerated on the return of service form (USM-285) and
15     must include the costs incurred by the Marshal for photocopying additional copies of
16     the Summons, First Amended Complaint (lodged at doc.# 12), or this Order and for
17     preparing new process receipt and return forms (USM-285), if required. Costs of
18     service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2)
19     of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

20     (10)    **A Defendant who agrees to waive service of the Summons and First**
21 **Amended Complaint (lodged at doc.# 12) must return the signed waiver forms to the**
22 **United States Marshal, not the Plaintiff.**

23     (11)    Defendant must answer the First Amended Complaint (lodged at doc.# 12) or
24 otherwise respond by appropriate motion within the time provided by the applicable
25 provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

26     (12)    Any answer or response must state the specific Defendant by name on whose
27 behalf it is filed. The Court may strike any answer, response, or other motion or paper that
28 does not identify the specific Defendant by name on whose behalf it is filed.

1   (13) This matter is referred to Magistrate Judge Jennifer C. Guerin pursuant to Rules
2   72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.
3   DATED this 17th day of July, 2008.

James A. Teilborg
United States District Judge